U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature: Barbara J. Houser]*

**United States Bankruptcy Judge**

Signed February 24, 2012

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BIDKA PLAZA, L.P., | § | CASE NO. 11-32781-BJH-11 |
| | § | (Chapter 11) |
| DEBTOR | § | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 15, 2012**[1]

WHEREAS, on July 17, 2011, Bidka Plaza, L.P. (the "Debtor"), the debtor and debtor-in-possession in the above-referenced bankruptcy case filed the *Debtor's Plan of Reorganization* [Docket No. 31];

WHEREAS on November 23, 2011, the Debtor filed its *Debtor's Amended Plan of Reorganization Dated November 23, 2011* [Docket No. 99] and *Disclosure Statement under 11 U.S.C. § 1125 in Support of the Amended Plan of Reorganization Dated November 23, 2011* [Docket No. 98];

---

[1] To the extent any of the terms of this Order conflict with the terms of the Plan, the terms of this Order shall control.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION OF BIDKA PLAZA, L.P.– PAGE 1**

WHEREAS on December 21, 2011, the Debtor filed its *Amended Disclosure Statement under 11 U.S.C. § 1125 in Support of the Second Amended Plan of Reorganization Dated December 21, 2011* [Docket No. 119] (the "Disclosure Statement") and its *Second Amended Plan of Reorganization Dated December 21, 2011* [Docket No. 120] (the "Plan");

WHEREAS, on December 29, 2011, the Debtor filed a supplement [Docket No. 122] (the "Supplement") to the Disclosure Statement;

WHEREAS, on January 12, 2012, the Court entered an order approving the adequacy of the Disclosure Statement in accordance with 11 U.S.C. § 1125 of the Bankruptcy Code, setting forth procedures for soliciting approval of the Plan, and setting deadlines for objections to and voting on the Plan (the "Disclosure Statement Order") [Docket No. 131];

WHEREAS, on January 13, 2012, in accordance with the Disclosure Statement Order, the Debtor caused the Plan, the Disclosure Statement, the Supplement, the Disclosure Statement Order, and a ballot for voting to accept or reject the Plan (the "Solicitation Package") to be transmitted by first class mail to the last known address of all creditors, parties in interest, equity security holders, any party who filed a notice of appearance, and the United States Trustee;

WHEREAS, on February 15, 2012, the Debtor filed its *Third Amended Plan of Reorganization Dated February 15, 2012* [Docket No. 144] (the "Amended Plan");

WHEREAS, on February 16, 2012, the Debtor filed its *Tabulation of Ballots in Connection with Debtor's Plan or Reorganization* [Docket No. 145] (the "Ballot Summary");

WHEREAS, all objections to the Plan were resolved;

WHEREAS, pursuant to 11 U.S.C. § 1128(a), the Court held a hearing commencing on February 22, 2012 at 9:00 AM (the "Confirmation Hearing"), which hearing was to consider confirmation of the Amended Plan; and

NOW THEREFORE, based upon the Court's review and consideration of (i) the submissions previously filed with the Court; (ii) the record of the Confirmation Hearing (including all of the evidence proffered or adduced at the hearing, any declarations, pleadings, briefs, memoranda and other submissions filed in connection therewith, and the arguments of counsel made at the hearing); and (iii) the record in this Chapter 11 Case; and after due deliberation thereon, and good cause appearing therefor:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

**THE COURT FINDS AND CONCLUDES THAT:**[2]

1. <u>Exclusive Jurisdiction: Venue, Core Proceeding – 28 U.S.C. §§ 157(b)(2) and 1334(a)</u>. This Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. Confirmation of the Amended Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Amended Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2. <u>Burden of Proof</u>. The Debtor has the burden of proving the elements of Bankruptcy Code § 1129(a) by a preponderance of the evidence.

3. <u>Transmittal and Mailing of Materials and Notice</u>: Due, adequate, and sufficient notice of the Disclosure Statement, the Plan, and the Confirmation Hearing, along with all deadlines for voting on or filing objections to the Plan, has been given to all known holders of Claims in accordance with the Bankruptcy Rules and the procedures set forth in the Disclosure Statement Order and further orders of the Court.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION OF BIDKA PLAZA, L.P.– PAGE 3**

4.  <u>Solicitation</u>: Votes for acceptance or rejection of the Plan were solicited in good faith and in compliance with Bankruptcy Code §§ 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations.

5.  <u>Distribution</u>. All procedures used to distribute the Solicitation Packages to the applicable holders of Claims were fair and conducted in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and any other applicable rules, laws and regulations.

6.  <u>Impaired Classes That Have Voted to Accept the Plan</u>. As evidenced by the record established at the Confirmation Hearing, which, *inter alia*, sets for the voting results on the Plan, at least one impaired Class has voted to accept the Plan in accordance with the requirements of §§ 1124 and 1126 of the Bankruptcy Code.

7.  <u>Modification to the Plan</u>. The modifications to the Plan made by the Amended Plan, and the modifications to the Amended Plan made by this Confirmation Order, do not materially and adversely affect or change the treatment of any creditor who has not accepted such modification. Accordingly, under Bankruptcy Rule 3019, these modifications neither require additional disclosure under § 1125 of the Bankruptcy Code nor re-solicitation of acceptances or rejections under Bankruptcy Code § 1126, nor do they require that holders of Claims be afforded an opportunity to change previously cast acceptances or rejections of the Plan. Disclosure of the modifications on the record at the Confirmation hearing constitutes due and sufficient notice thereof under the circumstances of this Chapter 11 Case. Accordingly, pursuant to Bankruptcy Code § 1127 and Bankruptcy Rule 3019, all holders of Claims that have

accepted or are conclusively deemed to have accepted the Plan are deemed to have accepted such modifications to the Plan as set forth in the Amended Plan and the Confirmation Order.

8. <u>Plan Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(1)</u>. The Amended Plan complies with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, thereby satisfying 11 U.S.C. § 1129(a)(1).

   a. <u>Proper Classification 11 U.S.C. §§ 1122 and 1123(a)(1)</u>. In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates six (6) Classes of Claims against the Debtor. The Claims placed in each Class are substantially similar to other Claims in each such Class, and such classification is therefore consistent with Bankruptcy Code § 1122. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims created under the Plan, and such Classes and the Plan's treatment thereof do not unfairly discriminate between holders of Claims. The Plan satisfies Bankruptcy Code §§ 1122 and 1123(a)(1).

   b. <u>Specified Classes of Unimpaired Claims- 11 U.S.C. § 1123(a)(2)</u>. Article 5 of the Plan specifies the Classes of Claims that are not impaired thereby satisfying Bankruptcy Code Section § 1123(a)(2).

   c. <u>Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)</u>. Article 5 of the Plan specifies the treatment of the impaired Classes of Claims and Interests thereby satisfying Bankruptcy Code § 1123(a)(3).

   d. <u>No Discrimination – 11 U.S.C. § 1123(a)(4)</u>. The Plan either provides the same treatment for each Claim within each respective Class or the holder of a particular claim or interest has agreed to a less favorable treatment of his/her/its particular claim or interest, thereby satisfying Bankruptcy Code § 1123(a)(4).

   e. <u>Implementation of the Plan – 11 U.S.C. § 1123(a)(5)</u>. Article VI of the Plan provides adequate and proper means for implementing the Plan. Pursuant to § 1123(a)(5)(D), Article 6.1 provides for the sale of the property of the estate to satisfy the Debtor's obligations under the Plan. Article 6.2 provides that the Debtor will be owned by the Class 4 Equity Interest Holders of Bidka Plaza, L.P. Article 6.3 provides that all necessary documents for the implementation of the Amended Plan shall be executed by all necessary parties in interest on the Effective Date. Other articles of the Amended Plan

provide means for implementation of the Amended Plan as well. For example, Article VII provides for the treatment of executory contracts and unexpired leases; Article X provides for the continuing jurisdiction over matters arising out of or related to this Chapter 11 Case and the Amended Plan. Thus, Bankruptcy Code § 1123(a)(5) is satisfied.

f. <u>Selection of Officers and Directors – 11 U.S.C. § 1123(a)(7)</u>. The Debtor properly and adequately discloses the Reorganized Debtor's post-confirmation management in Article 6.2 and by stating on the record at the Confirmation Hearing that Dan Adhamy will remain the President of the Bidka, LLC the General Partner of the Reorganized Debtor. Thus, Bankruptcy Code § 1123(a)(7) is satisfied.

g. <u>Additional Plan Provisions – 11 U.S.C. § 1123(b)</u>. The Amended Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

h. <u>Inapplicable Provisions – 11 U.S.C. §§ 1123(a)(6) and (a)(8)</u>. 11 U.S.C. §§ 1123(a)(6) and (a)(8) are not applicable to the Debtor.

i. <u>Identification of Plan Proponents – Bankruptcy Rule 3016(a)</u>. The Plan satisfies Bankruptcy Rule 3016(a) by identifying the date of the Plan and the proponent of the Plan.

9. <u>Notice of the Confirmation Hearing – Bankruptcy Rules 2002 and 3017</u>. The Debtor has given notice of the Confirmation Hearing, the deadline to accept or reject the Plan, and the deadline to object to the Plan in accordance with the Disclosure Statement Order. The solicitation packages prescribed by the Disclosure Statement Order were transmitted to the creditors entitled to vote on the Plan in accordance with Bankruptcy Rules 2002 and 3017.

10. <u>Solicitation of Votes – Bankruptcy Rule 3028</u>. The solicitation of votes to accept or reject the Plan and requests for consent to the treatment provided under the Plan satisfy Bankruptcy Rule 3018. The Solicitation Package was transmitted to all creditors entitle to vote on the Plan, and the solicitation materials used and solicitation procedures followed comply with Bankruptcy Code § 1126, thereby satisfying the requirements of Bankruptcy Rule 3018.

11. <u>The Debtor's Compliance with the Bankruptcy Code – 11 U.S.C. § 1129(a)(2)</u>. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code § 1129(a)(2). Specifically, Mr. Dan Adhamy testified at the Confirmation Hearing that:

   a. The Debtor is eligible for relief under title 11 in accordance with Bankruptcy Code § 109.

   b. The Debtor has complied with applicable provisions of the Bankruptcy Code and orders of the Court.

   c. The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order in transmitting the Solicitation Package and related documents and notices and in soliciting and tabulating votes on the Amended Plan.

12. <u>Plan Proposed in Good Faith – 11 U.S.C. § 1129(a)(3)</u>. The Debtor has proposed the Amended Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code § 1129(a)(3). This Court has examined the totality of the circumstances surrounding the formulation of the Amended Plan. Based upon the evidence presented at the Confirmation Hearing, the Court finds and concludes that the Amended Plan has been proposed with the legitimate and honest purpose of effectively reorganizing the Debtor and maximizing the recovery to creditors in accordance with the priorities set forth in the Bankruptcy Code.

13. <u>Payment of Services or Costs and Expenses – 11 U.S.C. § 1129(a)(4)</u>. Any payments made or to be made by the Debtor for services or for costs and expenses in connection with this case have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying Bankruptcy Code § 1129(a)(4).

14. <u>Identification of Directors, Officers, and Insiders – 11 U.S.C. § 1129(a)(5)</u>. The Debtor has complied with Bankruptcy Code § 1129(a)(5) by disclosing at or before the

Confirmation Hearing as required by the Amended Plan the identify and affiliations of any individual proposed to serve, after confirmation of the Amended Plan, as a director or officer of the Debtor.

15. <u>No Rate Change – 11 U.S.C. § 1129(a)(6)</u>. No governmental regulatory commission has jurisdiction over rates of the debtor after confirmation of the Amended Plan. Thus, Bankruptcy Code § 1129(a)(6) is not applicable in this Chapter 11 Case.

16. <u>Best Interests of Creditors Test – 11 U.S.C. § 1129(a)7)</u>. The Amended Plan satisfies Bankruptcy Code § 1129(a)(7). The Disclosure Statement, Amended Plan, and evidence adduced at the Confirmation Hearing (i) are persuasive, credible and accurate as of the dates such evidence was prepared, presented, or proffered; (ii) either have not been controverted by other persuasive evidence or have not been challenged; (iii) are based upon reasonable and sound assumptions; (iv) provide a reasonable estimate of the liquidation value of the Debtor's assets upon conversion to a chapter 7 proceeding; and (v) establish that each holder of a Claim in an impaired Class will receive or retain under the Amended Plan, on account of such Claim, property of a value, as of the Effective Date of the Amended Plan, that is not less than the amount it would receive if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

17. <u>Treatment of Administrative, Other Priority Tax Claims – 11 U.S.C. § 1129(a)(9)</u>. The treatment of Administrative Claims and Priority Tax Claims under the Amended Plan satisfies the requirements of Bankruptcy Code §§ 1129(a)(9)(A) and (C).

18. <u>Acceptance by Impaired Classes – 11 U.S.C. § 1129(a)(10)</u>. At least one Class of Claims that is impaired under the Plan has accepted the Plan thereby satisfying Bankruptcy Code § 1129(a)(10).

19. <u>Feasibility – 11 U.S.C. § 1129(a)(11)</u>. The Amended Plan satisfies the feasibility requirement of Bankruptcy Code § 1129(a)(11). Specifically, the Amended Plan is not likely to be followed by liquidation or need for further reorganization.

20. <u>Payment of Fees – 11 U.S.C. § 1129(a)(12)</u>. All fees payable under 28 U.S.C. § 1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid on the Effective Date pursuant to the Amended Plan, thus satisfying the requirements of Bankruptcy Code § 1129(a)(12).

21. <u>Continuation of Retiree Benefits – 11 .S.C. § 1129(a)(13)</u>. The Debtor does not have any retiree benefits to be continued under the Amended Plan. Thus, Bankruptcy Code § 1129(a)(13) is not applicable to the Debtor.

22. <u>Transfers of Property – 11 U.S.C. § 1129(a)(16)</u>. All transfers or property required under the Amended Plan are to be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust. Thus, the Amended Plan satisfies Bankruptcy Code § 1129(a)(16).

23. <u>Good Faith Solicitation – 11 U.S.C. § 1125(e)</u>. Based on the record before the Court in this Chapter 11 Case, the Debtor and its directors, officers, employees, agents, advisors, accountants, consultants, attorneys, and other representatives have acted in good faith within the meaning of Bankruptcy Code § 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective activities relating to the solicitation of acceptances to and consents to the treatment afforded under the Amended Plan and their participation in the activities described in Bankruptcy Code § 1125.

24. <u>Impairment of Classes – 11 U.S.C. § 1123(b)(1)</u>. In accordance with Bankruptcy Code § 1123(b)(1), Article V of the Amended Plan impairs or leaves unimpaired, as the case may be, each class of Claims under the Amended Plan.

25. <u>Treatment of Executory Contracts and Unexpired Leases – 11 U.S.C. § 1123(b)(2)</u>. The Amended Plan constitutes a motion by the Debtor to reject all executory contracts and unexpired leases not expressly assumed or rejected on or before ten (10) days before the Confirmation Hearing or not otherwise specifically treated in the Amended Plan or Confirmation Order. Accordingly, the Amended Plan complies with Bankruptcy Code § 1123(b)(2).

26. <u>Satisfaction of Confirmation Requirements</u>. The Amended Plan satisfies the requirements for confirmation set forth in Bankruptcy Code § 1129.

27. <u>Objections</u>. The objection to the Amended Plan was withdrawn.

28. <u>No Third Party Releases or Injunctions</u>. The Amended Plan does not provide for any releases for third party, non-debtor guarantors nor does it provide for any injunction barring actions against third party, non-debtor guarantors.

**DEGREES**

ACCORDINGLY, THE COURT HEREBY ORDERS THAT:

1. <u>Confirmation of the Plan</u>. The Amended Plan, which consists of the Amended Plan and modifications set forth in this Confirmation Order or on the record at the Confirmation Hearing, is approved and confirmed under Bankruptcy Code § 1129 in its entirety. The terms of the Amended Plan are incorporated by reference into and are an integral part of this Confirmation Order.

2.  <u>Approval of Plan Modifications</u>.  The modifications to the Amended Plan set forth herein are approved.  The Amended Plan, as so modified, shall constitute the Amended Plan and all references herein to the Amended Plan shall mean the Amended Plan as so modified.

3.  <u>Effects of Confirmation; Effectiveness; Successors and Assigns</u>.  The Court directs that Fed. R. Civ. P. 62(a) and the stay provided by Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order, and the Court authorizes the Debtor to consummate the Amended Plan after entry of this Confirmation Order.  Subject to the occurrence of the Effective Date, and notwithstanding any otherwise applicable law, immediately upon the entry of this Confirmation Order, the terms of the Amended Plan (including the Amended Plan Exhibits and all documents and agreements executed pursuant to the Amended Plan) and this Confirmation Order shall be binding on (a) the Debtor, (b) all holders of Claims against the Debtor, whether or not impaired under the Amended Plan and whether or not, if impaired, such holders accepted the Amended Plan, (c) any other party in interest, (d) any Person making an appearance in this Chapter 11 Case, and (e) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents representatives, attorneys, beneficiaries, or guardians.  Upon the occurrence of the Effective Date with respect to the Debtor, the Amended Plan shall be deemed substantially consummated.

4.  <u>Releases and Exculpation</u>.  The releases and exculpation provisions set forth in Article XIII of the Amended Plan are incorporated into this Confirmation Order as if set forth in full herein and are hereby approved in their entirety, and are subject to any other terms of the Amended Plan.

5.      Injunction Against Interference with the Plan.  Pursuant to Article 13.9 of the Amended Plan, upon the entry of the Confirmation Order, all Creditors and persons acting in concert with them are enjoined and restrained pursuant to § 105 of the Bankruptcy Code from taking any action to collect or enforce any Claim directly or indirectly against the Reorganized Debtor in any manner inconsistent with the terms contained in the Amended Plan, unless expressly provided otherwise in the Amended Plan.

6.      Plan Implementation Authorization.  The Reorganized Debtor is duly authorized to take the actions contemplated in by the Plan.  Pursuant to the Amended Plan, all necessary documents for the implementation of the Amended Plan shall be executed by all necessary parties in interest on the Effective Date, unless an earlier date is provided for in a particular document under the Amended Plan.  To that end, all parties in interest shall be required to execute any documents necessary for the timely implementation of the Plan no later than the Effective Date.

7.      Binding Effect.  On the Effective Date, except as expressly provided in this Confirmation Order, the Amended Plan and its provisions shall be binding upon the (a) Debtor; (b) all present and future holders of Claims, including all governmental entities, whether or not the Claim of such holder is impaired under the Amended Plan and whether or not such holder or entity has accepted the Amended Plan; (c) any other party in interest; (d) any person making an appearance in this Chapter 11 Case; and (e) any of the foregoing's heirs, successors, assigns, trustees, executors, administrators, affiliates, directors, agents, representatives, attorneys, beneficiaries, or guardians.

8.      Assumption or Rejection of Executory Contracts and Unexpired Leases – 11 U.S.C. § 1123(b)(2).  Pursuant to Article VII of the Amended Plan, all executory contracts and

unexpired leases that are not expressly assumed on or before ten (10) days before the Confirmation Hearing or not otherwise specifically treated in the Amended Plan or Confirmation Order shall be deemed to have been rejected on the Confirmation Date.

9. <u>Rejection Damage Claims</u>. Pursuant to Article 7.4 of the Amended Plan, any Claims based upon rejection of an executory contract or unexpired lease shall be forever barred and shall not be enforceable against the Debtor, unless a proof of claim is filed with the Bankruptcy Court and served on the Reorganized Debtor such that it actually receives the proof of claim within thirty (30) calendar days of entry of the Confirmation Order.

10. <u>Governmental Approvals Not Required</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any other governmental authority with respect to implementation or consummation of the Amended Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Amended Plan, the Disclosure Statement and any documents, instruments, or agreements, and any amendments or modifications thereto.

11. <u>Resolution of Claims</u>. Except as otherwise ordered by the Court, any Claim that is not an Allowed Claim shall be determined, resolved, or adjudicated in accordance with the terms of the Amended Plan. All objections to Claims shall be filed with the Court within ninety (90) days from the Effective Date, and a copy of the objection shall be served upon the Holder of the Claim to which the objection pertains. Any request for an extension period to object to Claims need be served only upon the creditors involved and the United States Trustee.

12.  <u>Payment of Fees</u>.  All fees payable by the Debtor under 28 U.S.C. § 1930 shall be paid on the later of the Effective Date or the due date.  After the Effective Date, neither the Debtor nor its Estate shall thereafter be liable for the payment of any additional fees.

13.  <u>Reversal</u>.  If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversed, modified, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Amended Plan prior to the Debtor's receipt of written notice of any such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Amended Plan or any amendments or modifications thereto.

14.  <u>Retention of Jurisdiction</u>.  Pursuant to Bankruptcy Code §§ 105(a) and 1142, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction as provided in Article X of the Amended Plan to the extent permitted by law.

15.  <u>Notice of Entry of Confirmation Order</u>.  Upon entry of the Confirmation Order upon the docket, counsel for the Debtor will promptly mail, by first-class mail, postage prepaid, notice of the entry of the Confirmation Order and a copy of the Confirmation Order to the Debtor, the United States Trustee, creditors, equity security holders, and other parties in interest pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c).

16.  <u>Notice of Effective Date</u>.  Within five (5) Business Days following the occurrence of the Effective Date, the Reorganized Debtor shall file notice of the occurrence of the Effective

Date with the Bankruptcy Court and shall serve a copy of same on (a) the United States Trustee; and (b) the entities that have requested notice in this case pursuant to Bankruptcy Rule 2002.

17. <u>Reference to Plan Provisions</u>. The failure to specifically include or reference any particular provision of the Amended Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Amended Plan be confirmed in its entirety.

18. <u>Inconsistency</u>. In the event of an inconsistency between the Amended Plan and any other agreement, instrument, or document intended to implement the provisions of the Amended Plan, the provisions of the Amended Plan shall govern unless otherwise expressly provided for in such agreements, instruments, or documents. In the event of any inconsistency between the Amended Plan and any agreement, instrument, or document intended to implement the Amended Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern.

19. <u>Enforceability</u>. Pursuant to Bankruptcy Code §§ 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Amended Plan and all plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

20. <u>Final Order</u>. This Confirmation Order constitutes a Final Order. The stay otherwise in effect under Federal Rule of Bankruptcy Procedure 3020 is hereby waived, and this Order shall be effective immediately upon entry thereof.

21. <u>Administrative and Professional Fee Claims</u>. The deadline for filing all applications for payment of Administrative Claims shall be on or before thirty (30) days after the Effective Date. Any Administrative Claim filed after that date shall be deemed untimely filed and shall be disallowed. The deadline for objecting to such Administrative Claims is twenty-one

(21) days after a request for payment of such Claim has been filed and served upon counsel for the Debtor. The deadline for submitting applications for compensation for service rendered in this case pursuant to Sections 327, 328, 330, 331, or 1103 (the "Professional Fee Claims") of the Bankruptcy Code prior to the Effective Date is sixty (60) days after the Effective Date. The deadline to object to final fee applications shall be the twenty-first (21st) day after such fee application has been filed. If the Debtor fails to make payments due under any order approving an Administrative Claim or a Professional Fee Claim, such will constitute a plan default, and such claimant shall have the right to pursue any and all rights to which it is entitled for the Debtor's failure to comply with the terms of the Amended Plan and this Order.

22. <u>Modification to the Debtor's Plan</u>. In conformance with the modifications announced and agreed to by counsel on the record, and in resolution of the formal and informal objections to the Plan, the following changes shall be made to the Debtor's Plan as set forth in the Amended Plan:

23. <u>Modifications</u>:

a. Paragraph 2.32 shall be replaced with:

2.32 Effective Date: The date upon which the Plan will become effective and upon which Distributions pursuant to the Plan shall commence, which date shall be the date of the funding of the sale of Property yielding proceeds in an amount sufficient to fund the debtor's obligations under the Plan but no later than 180 days after the Confirmation Date.

b. Paragraph 5.2 shall be replaced with:

5.2 Secured Claim of CSCAP Investments, L.P.: (Class 1.2) – The Class 1.2 Claim of CSCAP shall be treated as a Secured Claim in the amount of $350,000.00 plus applicable interest, and any reasonable fees, costs or charges provided for under the CSCAP Loan Documents, minus any amounts received from the proceeds of sales or other reduction of the CSCAP debt during the pendency of the Bankruptcy Case. Unless otherwise agreed by the Debtor and CSCAP, the amount of the interest and any reasonable fees, costs or charges provided for under the CSCAP Loan Documents shall be determined by the Court pursuant to 11 U.S.C. § 506(a) at the Confirmation Hearing.

CSCAP shall retain its lien and its mortgage and its promissory notes and shall be paid 100% of the CSCAP Allowed Secured Claim from the proceeds of the sales of the Property remaining after payment in full of the Class 1.1 Claim of BB&T, on the Effective Date or 180 days following the entry of the Confirmation Order, whichever is first. If CSCAP has not been paid within 180 days following the entry of the Confirmation Order, CSCAP may exercise all of its contractual rights under the terms of its mortgage and note in accordance with the Bankruptcy Code.

The Class 1.2 Claim is unimpaired under the Plan.

c. Paragraph 6.1 shall be amended to add the following sentence to the end:

Until all payments contemplated by the Amended Plan have been made in full, all sales of the Property of the Reorganized Debtor shall be for cash at fair market value.

d. Paragraph 7.4 shall be amended to replace the penultimate sentence of that paragraph with the following sentence:

All Allowed Claims for rejection damages shall be treated as Class 2 Claims.

e. Paragraph 8.1.1 shall be amended to add "and" to the end.

f. Paragraph 8.1.2 shall be deleted in its entirety.

g. Paragraph 8.1.3 shall be replaced with:

The Debtor shall have obtained proceeds from the sales of Property, which when combined with its debtor-in-possession accounts, and any monies the Debtor may obtain, is an amount sufficient to fund the Debtor's obligations under the Plan, or 180 days shall have passed from the entry of the Confirmation Order, whichever is first.

h. Paragraph 8.1.4 shall be deleted in its entirety.

i. Paragraph 8.2 shall be deleted in its entirety.

# # # END OF ORDER # # #

**Prepared and Submitted by:**
Frances A. Smith
Texas Bar No. 24033084
Chris Wolffarth
Texas Bar No. 21869500
**SHACKELFORD, MELTON & MCKINLEY, LLP**
3333 Lee PARKWAY, Tenth floor
Dallas, Texas  75219
Telephone: (214) 780-1400
Facsimile: (214) 780-1401
Email: fsmith@shacklaw.net
**ATTORNEYS FOR BIDKA PLAZA, L.P.**